The Chancellor.
The object of the bill is to collect a legacy due the complainant under the last will of his father, James Sims. Gerris Sims, one of the defendants, is the sole surviving executor of the will, and he and the other defendants are devisees in possession of real estate devised to them by the testator. After setting out the will, the bill states, that the executor, in the year 1850, *159 settled the estate in the Orphans Court of the county of Salem, and that, by such settlement, a balance was found in his hands, as such executor, of seven hundred and eighty-two dollars and eighty-seven cents, and that he applied that money towards the payment and satisfaction of a certain legacy due him under the will, and refuses to pay the legacy of seven hundred dollars, by the will bequeathed to the complainant. The bill charges, that the executor is in failing circumstances, and that he has disposed of all the personal estate of the testator; that the other defendants, as devisees under the will, have taken possession of the lands of the testator devised to them respectively, which constituted all the real estate of the testator. The bill further charges, that the defendants have respectively received of the executors legacies which they were entitled to under the will, and insists, that if the testator’s personal estate is not sufficient, by reason of an application thereof to the payment of any debts and legacies to pay the complainant’s legacy, then he is entitled to have the whole of said legacy, or the ratable proportion thereof, raised by a sale of proportionable parts of the real estate of the testator devised to, and in the possession of the defendants. The bill charges, that the testator’s real estate is made, by the will, chargeable with the complainant’s legacy, and that the defendants, having been paid their respective legacies out of the personal estate, they must each of them contribute, in a proper ratio, to the payment of the complainant’s legacy.
The prayer is, that the complainant may be decreed entitled to his legacy, and that it may be paid out of the personal estate, and if that is deficient, then that it may be paid out of the testator’s real estate.
The bill was answered by three of the defendants, Gerris Sims, the executor, and John and Smith Sims. The answer admits that the executor paid off all the debts of the testator, and all the legacies, except the one to the complainant. It admits the settlement in the Orphans *160 Court, and the balance found in the hands of the executor, as stated in the bill of complaint; that the executor appropriated the sum of five hundred dollars to the payment of a legacy due him, and that a balance was left in his hands of two hundred and eighty-two dollars and eighty-seven cents, which was the whole residue of the personal estate after the payment of debts and legacies. The answer then states, that the complainant was entitled to the one-eighth of this residue, and that he brought suit for it against the executor, and recovered a judgment, which was paid. The defendants admit that they are in possession of real estate devised to them by the will, and claim the same as devisees. The answer further alleges, that shortly after the testator made his will, the complainant, being desirous of erecting a dwelling house upon the part of the real estate of the testator which by his said will he had devised to the complainant, received from the testator an advancement of seven hundred dollars, in full payment and satisfaction of the legacy mentioned in the will, and appropriated the same for the purpose of erecting a dwelling house on the land so devised to him by the will of his father, and which land, at his father’s death, became vested in the complainant, as such devisee. The complainant filed a replication, and the cause was heard upon the pleadings and proofs.
Admitting all the facts contained in the bill to be true, the complainant is not entitled to relief against any of the defendants, except the executor.
The bill seeks to charge these defendants upon two grounds: First. That the lands which they are in possession of as devisees are charged with the payment of the pecuniary legacies. Second. That if the lands are not chargeable by the terms of the will, the complainant has a right to call upon the defendants for contribution, on the ground that their respective legacies have been paid in full, and the executor having misapplied the funds in his hands, and being insolvent, the complainant has no *161 other resource for the satisfaction of his legacy. I have been unable to discover “anything in the will to make the complainant’s legacy, under any circumstances, a charge upon the real estate. The bill specifies no particular clause or part of the will upon which the complainant relies for this purpose, nor was any pointed out on the argument. The personal estate is the only fund for the payment of legacies, unless a contrary intention appears in the will. The real estate is not charged with the payment of legacies, unless the testator expressly declares such to be his intention, or unless such intention can be inferred from the language of the will, or from the disposition the testator makes of his property. In this will, such intention is not declared, nor can it be inferred from the general tenor of the will, or from the disposition the testator has made of his property. But if the legacy had been made an express charge upon the land, the complainant would not, upon the facts stated in his bill, be entitled to relief against these defendants. It appears that, after the executor had paid the defendants their respective legacies, there remained in the executor’s hands sufficient personal estate of the testator to satisfy the complainant’s legacy. That fund the complainant was entitled to. That the executor has squandered the fund, and become insolvent, gives to the complainant no relief against the lands devised to the defendants; and upon this principle, that the land is debtor for the legacies only, and not for the misconduct of the executor. Roper on Legacies 498; 1 P. Wms. 505; 3 Ball Beatty 39; 5 Ves. 736.
Nor is the complainant entitled to call upon these defendants to refund any portion of the personal estate which they received from the executor in payment of their legacies. It is admitted that, after their legacies were paid, there remained in the hands of the executor sufficient assets to discharge the complainant’s legacy. If this is so, the complainant must resort to that fund. If the executor has squandered it, and is insolvent, it is the mis *162 fortune of the complainant, and not the fault of the defendants. Their diligence has secured the payment of their legacies. There is no reason why they should stand security for the executor. A legatee, under such circumstances, is entitled to the advantage of his diligence. If there had heen an original deficiency of assets, the case would be different. But the bill expressly charges, that after the executor had paid the other defendants, there remained still in his hands more than assets enough to pay the complainant. Hupton v. Hupton, 2 J. C. R. 625; Walcott v. Hall, 2 Bro. 305. The following cases lay down the rule, and show the distinction between a legatee and creditor. (Anon.) 1 P. Wms. 495; (Anon.) 1 Vern. 162; Hardwick v. Myno, 1 Ans. 112. It is true, if these defendants had any participation with the executor in the misapplication of the assets, a very different question would be presented. But although this was suggested in the argument, the bill does not put the complainant’s right to relief upon this ground, nor is there such proof as would warrant such a conclusion.
As to these defendants, therefore, upon the pleadings, the complainant is not entitled to relief, and, as to them, the bill must be dismissed.
As against Gerris Sims, the executor, the complainant is entitled to a decree against him, unless he has established by proof the defence set up in his answer, that the testator, after making his will, satisfied the legacy.
To establish this issue in his favor, this defendant has proved that the testator, after the execution of the will, advanced to his son, the complainant, seven hundred dollars; that the testator declared that such advancement was in satisfaction of the legacy, and that since the testator’s fleath the complainant has himself declared that the testator paid him seven hundred dollars in lieu of the legacy. The evidence to establish the fact is conclusive and satisfactory, and the defence set up must prevail, unless the objection interposed by the complainant, to wit, that *163 the parol testimony is inadmissible, can avail the complainant.
The intention of the testator is the very essence of ademption. Two facts, therefore, must necessarily be established, the advancement, and the intention of the testator that such advancement was in satisfaction, or a substitute for the bequest.
In the instance of parent and child, equity raises the presumption that the legacy is intended as a portion, whether the will so expresses it or not. If afterwards the parent advance a portion to the child, the legacy is satisfied, the advancement and the legacy being for the same purpose. Parol testimony is admitted, therefore, not to raise, but to confirm a presumption. LoperonL. 272-3-4, and cases there cited. In 2 American Lead. Cas. 435, the cases are collected, and the admission of such testimony seems to be very firmly settled upon authority. In Gresley’s Eq. Ex. 213, it is said the reason is shortly this: If a person who has inserted in his will a legacy for a particular purpose, afterwards executes that purpose himself in his lifetime, he is presumed to have intended to cancel the legacy, which is consequently held to be adeemed. Secondly ,a father leaving a legacy to a child, is presumed to have intended it for the particular purpose of fulfilling his moral obligation of portioning that child. It follows that parol, or any other kind of extrinsic evidence, may be adduced to prove that he did, or did not, intend that legacy as his child’s portion, or that he did, or did not, intend to cancel it.
In this case, it only became necessary for the executor to offer parol evidence, in answer to that which the complainant introduced to rebut the presumption which was in favor of the executor, that the legacy was satisfied by the advancement. The case was with the defendant without his being obliged to resort to such evidence. If it was proper for the complainant to overcome this presumption by parol, it was equally proper for the defendant to resort *164 to the same .kind of testimony in reply. In either event, excluding the evidence, or admitting it, the executor is entitled to a decree in his favor.
This cause came up on a rehearing; and upon a review of the case, I do not think the burthen of the whole costs of the suit should fall upon the complainant. The former decree, made by the late Chancellor, was, if my views are correct, erroneous. It was the result, I think, of a misapprehension of the case, which arose from the manner in which the case was submitted, the real points in controversy not having been presented to the court. The bill must be dismissed with costs, not including the cost upon the first hearing, or that attending upon the opening of the first decree.'